### THE DOLPHIN.

(District Court, S. D. Florida. July 6, 1923.)

No. 1637.

1. **Customs duties ⇐124—Statute penalizing master, interfering with officer, to be strictly construed.**

Rev. St. § 3068 (Comp. St. § 5771), penalizing master of vessel, obstructing or hindering officer from going on board such vessel to enforce revenue laws, is penal, and must be strictly construed.

2. **Customs duties ⇐124—Penalty not imposed on master for obstructing officer whom he did not know to be such.**

Rev. St. § 3068 (Comp. St. § 5771), penalizing master of vessel obstructing or hindering revenue officer in lawfully going on board such vessel, does not apply where master did not know the officer was such, and where he did not show his authority, and there was nothing to show his boat was in the government service.

In Admiralty. Libel by the United States against the gasoline screw boat Dolphin. Libel dismissed.

Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla.
Martin H. Long, of Jacksonville, Fla., for claimant.

CALL, District Judge. In this cause a libel was filed by the government against the gasoline screw boat Dolphin for the penalty pronounced by section 3068 of the Revised Statutes (Comp. St. § 5771). This section reads:

"If any master of a vessel * * * shall obstruct or hinder, or shall intentionally cause any obstruction or hindrance to any officer in lawfully going on board such vessel, for the purpose of carrying into effect any of the revenue laws of the United States," etc.

[1, 2] A master, to violate this section and incur the penalty therein denounced, must, I think, be aware of the official character of the officer desiring to board his vessel. The section is penal, and must be strictly construed. I cannot believe the Congress, by the passage of the section, intended to penalize a master who, without knowledge, or where the circumstances are such as not to put such master on notice of the character of the officer, obstructs some person in boarding his vessel, who may be an officer of the customs, but does not show his authority, or show some insignia, by flag or otherwise, to show that the boat, on which he might be, to be in government service.

The complaint in this case is that the master did not stop when hailed. The testimony of the witnesses for the government and the claimant are in hopeless conflict. There is no reconciling the different statements as to what was said when the Dolphin was first hailed. Taking the probabilities into consideration, it seems to me highly improbable that the reply should have been made "that she came from Bimini." It is also probable that the customs inspector, accompanied by prohibition officers having certain information, which is indicated in the first part of the testimony of the inspector, thought the boat was coming from Bimini with a load of liquor, and, this thought being foremost in their minds, imagination played an important part in their hearing that word, and the remainder of the conversation.

The probability is that the master did not understand that a customs officer desired to board his ship. I am therefore constrained to find that the government has not sustained the burden that rests upon it to show a violation of the section by the master of the Dolphin, before the penalty can be collected:

A decree will be entered dismissing the libel.